UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MARIA LETTMAN,

                               Plaintiff,

     -against-

UNITED STATES GOVERNMENT and UNITED
STATES DEPARTMENT OF VETERAN
AFFAIRS, DR. JOHN DOE "1"-"10", JANE DOE
"1"-"10" and P.O. RICHARD ROE "1"- "10",

                              Defendants.
------------------------------------------------------------------X

**VERIFIED COMPLAINT**

Index Number: 12 CIV 6696

The plaintiff, MARIA LETTMAN, by her attorney, LAW OFFICE OF MICHAEL V. DEVINE, complaining of the Defendants, UNITED STATES GOVERNMENT, UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, DR. JOHN DOE "1"-"10", JANE DOE "1"-"10" and P.O. RICHARD ROE "1"- "10", respectfully alleges the following:

## I - INTRODUCTION

This action arises under the Fourth and Fifth Amendments to the United States Constitution; under federal law, for intentional and/or negligent infliction of emotional distress, negligent supervision, gross negligence, assault, false imprisonment, false arrest, civil conspiracy and medical malpractice.

While the individual Defendants were acting in the scope of their employment and under color of law, UNITED STATES DEPARTMENT OF VETERAN AFFAIRS

security officers (hereinafter RICHARD ROE"1" – "10") made an unlawful stop of Plaintiff that resulted in unreasonable search and seizure and the excessive use of force against the Plaintiff. The Defendants' actions caused injury to the Plaintiff.

Action is also brought against the UNITED STATES GOVERNMENT and it's agency, THE DEPARTMENT OF VETERAN AFFAIRS, hereinafter "VA" for its failure to properly train and supervise the individual Defendants in the proper use of force and techniques used to secure and search, proper dispatch policy and its establishment of policies, procedures, practices and customs regarding arrests that result in the excessive use of force.

## I - VENUE

1. Venue is proper in the Southern District of New York as the defendant Veterans Medical Facility is located within the County geographical area of that facility.

## II – JURISDICTION

1. The jurisdiction of this Court is invoked pursuant to the United States Constitution and laws of the United States based on a claim of civil rights violations while acting under the color of governmental authority and a medical malpractice against as agency of the UNITED STATES GOVERNMENT and it's employees, servants and/or agents.

2. This Court has jurisdiction over the subject matter of this action and venue is properly set in the United States District Court for the Southern District of New York.

3. The causes of action alleged herein arise from factual allegations occurring in this Judicial District.

4. On information and belief, it is alleged that each of the named Defendants are employees in this Judicial District, with at least one defendant residing within the jurisdiction of the Southern District of New York.

5. Plaintiff resides within the State of New York.

6. The amount in controversy is in excess of $75,000.00.

## III. PARTIES

### A. PLAINTIFFS

7. The Plaintiff, MARIA LETTMAN, is a citizen and resident of Bayport, New York.

### B. "VA" POLICE DEFENDANTS

8. The Defendants, RICHARD ROE "1" – "10", are citizens and/or residents or within the jurisdictional limits of the Southern District of New York, and were at all times material to the allegations in this Complaint, acting in their police capacity employed by the "VA" located within the jurisdictional limits of Southern District of New York and acting under color of law.

### C. "VA" RICHARD ROE "1" – "10"

9. The Defendant, "VA", is a political subdivision of the Unites States Government, for which Defendants, RICHARD ROE "1" – "10" serve in a police capacity. "VA" is a political subdivision of the United States Government responsible for the training and supervision of the Defendants "1"- "10". The United States of America has established or delegated to Defendant "VA" the responsibility for establishing and implementing polices, practices, procedures and customs used by law enforcement officers employed by it's employees regarding arrests and use of force.

### D- "VA" DR. JOHN DOE "1"-"10 and JANE DOE "1" – "10"

10. The Defendant treating doctor or healthcare provider, are citizen(s) and/or employee, agent, or servant of the "VA", and was at all times material to the allegations of this Complaint, acting in his/her capacity as a physician or healthcare provider employed by the "VA" and was acting as a physician with privileges (or healthcare provider so employed) in the New York Veteran Administration Hospital.

### IV – FACTS

11. On or about March 31, 2010, the plaintiff, MARIA LETTMAN, was admitted to the Veterans Administration Medical Center at 23rd Street, New York, New York. While the plaintiff was a patient at the Veteran Administration Medical Center in New York on or about April 7, 2010, plaintiff underwent a medical procedure where a "picc line" was inserted in the plaintiff's arm. The "picc line" was later removed from the plaintiff's arm on or about May, 2010. However, a piece remained in her pulmonary artery.

12. On or about August, 2010, the plaintiff had her chest x-rayed at the Veterans Memorial Hospital in Northport, New York. The plaintiff returned to the New York Veterans Memorial Hospital on or about September 7, 2010. The physicians at the hospital observed the disc which contained the x-rays taken at the Northport Veterans Hospital on or about August, 2010. The plaintiff was advised by a V.A. hospital physician that a foreign body was lodged in her pulmonary artery and that she may require thoracic surgery to open her chest and remove the foreign body. The plaintiff is a combat veteran, having served in Bosnia, and suffers from post traumatic stress disorder, which the Veterans' administration was well aware. Having been given this information,

the plaintiff spent the night at the V.A. Hospital and on or about September 8, 2010 attempted to leave the defendant V.A. hospital in New York City. The plaintiff changed into civilian clothes, walked out of the hospital and sat on the benches and called "Lifestar" to take her home. A hospital employee, JANE DOE "1"-"10", came out to the plaintiff wherein a discussion was had. The plaintiff advised the hospital worker that she was going home and the hospital worker asked her to walk back into the hospital to discuss the matter. The plaintiff followed the employee back into the hospital where the plaintiff informed another hospital employee that she was going home. As the plaintiff walked through the door, a nurse "Robin" (JANE DOE "1"-"10") told the police to stop the plaintiff from leaving the building. A Veterans Administration security officer, while the plaintiff was in the revolving door, froze the door and prevented it from opening and prevented the plaintiff from exiting the building. The officer grabbed the plaintiff's left arm and when she resisted this force upon her, she was punched in the chest. She was held against her will and was instructed by the officer that she was going to be arrested and go to jail, or she would remain in the V.A. Hospital. Having no avenue of escape and afraid of her medical condition and the stress and inflammation of my post traumatic stress disorder and feeling trapped, as well as the pain for the punch to the chest, the plaintiff went back into the hospital. The following day, without treatment the plaintiff was discharged from the New York Veterans Hospital and an appointment was made with Dr. Eugene Mohan at the V.A. Hospital in Northport, New York.

   13. On or about November 19, 2011, at Stony Brook Hospital the plaintiff underwent a surgical procedure wherein the foreign object/broken "picc line" was removed from the plaintiff.

14. The Police Officers Richard Roe "1" – "10" and hospital employees JANE DOE "1" – "10", individually, and in concert with the others, acted under color of law in his/their official capacity, to deprive Plaintiff of her rights to freedom from illegal searches and seizure of her persons, papers and effects and her right to freedom from unlawful arrest, detention and imprisonment. All of these rights are secured to Plaintiff by the Fourth and Fifth Amendments to the Constitution of the United States.

15. The Defendants, "VA", failed to adequately supervise and/or train the Defendant Police Officers Richard Roe "1" – "10".

16. At the time of the incidents alleged herein and before, Plaintiff was emotionally and physically healthy, active and fully capable of engaging in normal day-to-day activities. Since the time of the unprovoked detention, the Plaintiff's ability to perform and enjoy her usual activities, including family and work-related activities, has been impaired, In addition, the plaintiff has suffered severe emotional distress and mental anguish affecting her psychological well-being. Further, Plaintiff, MARIA LETTMAN, has suffered physical injury having the foregoing foreign body left in her pulmonary artery requiring additional surgery due to the deviation from accepted medical practice thrust upon her person by doctors at the facility. (DR. JOHN DOE "1"–"10)

17. As a direct and proximate result of the intentional and/or negligent acts of Defendants, Plaintiff sustained severe mental and physical pain and suffering and injury in an amount that will be established at trial.

## V. CAUSES OF ACTION

### COUNT I

**Violation of Civil Rights**

### (General Allegations)

18. Plaintiff realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "17" of this Complaint.

19. In committing the acts complaint of here, Defendants, JANE DOE "1" – "10" and P.O. RICHARD ROE "1" – "10", acted under color of law to deprive Plaintiff of certain constitutionally protected rights under the Fourth and Fifth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from unreasonable searches and seizures: b) the right not to be deprived of liberty without due process of law; c) the right not to be deprived of property without due process of law; d) the right to be free from excessive use of force by persons acting under color of law; e) the right to be free from false arrest; and f) the right to just compensation for taking of property.

20. In violating Plaintiff's rights as set forth above and other rights that will be proceed at trial, Defendants acted under color of law and conducted an unauthorized, warrantless illegal stop, search and seizure of Plaintiff. The illegal and warrantless stop set into motion the chain of events that led to an unauthorized and warrantless illegal search and seizure, arrest and the use of excessive force by Defendants, in violation of Plaintiff's rights under the Fourth and Fifth Amendments to the Constitution of the United States.

21. As a direct and proximate result of the violation of her constitutional rights by the Defendants, Plaintiff suffered general and special damages as alleged in this Complaint and are entitled to relief.

22. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature.

## COUNT II

### Violation of Civil Rights

### (Failure to Implement Appropriate Policies, Customs and Practices)

23. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "22" of this Complaint.

24. The failure of the "USG" and "VA", to adequately train and supervise the Defendants, JANE DOE "1" – "10" and P.O. RICHARD ROE "1" – "10", amounts to deliberate indifference to the rights of the plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

25. As a result of this negligent, reckless and carelessness, the defendants, "USG" and "VA" assaulted the plaintiff, MARIA LETTMAN, and caused injury to the plaintiff, MARIA LETTMAN, in an amount to be determined.

## COUNT III

### Violation of Civil Rights

### (Use of Excessive Force)

26. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "25" of this Complaint.

32. As a direct and proximate result of the violation of her constitutional right to be free from false arrest by the Defendants, Plaintiff suffered serious personal injuries and special damages as alleged in this Complaint and are entitled to relief.

33. In violating Plaintiff's rights as set forth above and other rights that will be proven at trial, Defendants acted under color of law and conducted an unauthorized, warrantless illegal stop, search and seizure of Plaintiff. The illegal and warrantless stop set into motion the chain of events that led to an unauthorized and warrantless illegal search and seizure and the use of excessive force by Defendants, in violation of Plaintiff's rights under the Fourth and Fifth Amendments to the Constitution of the United States.

34. As a direct and proximate result of the violation of her constitution rights by the Defendants, Plaintiff suffered general and general and special damages as alleged in this Complaint and are entitled to relief.

35. The conduct of Defendants was willful, malicious, oppressive and/or reckless and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

## COUNT V

### (Breach of Duty of Care)

36. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "35" of this Complaint.

37. Plaintiff avers that the Defendants "USG", "VA", JANE DOE "1" – "10" and P.O. RICHARD ROE "1" – "10", breached a duty of care owed to Plaintiff.

38. Plaintiff avers that the Defendants, without probable cause, wrongfully and unlawfully detained and restrained the Plaintiff against their will through use of force for a period of close to one day.

39. At no time during the detainment did Plaintiff resist or attempt to resist the Defendant officers, but were fully cooperating with the orders of the defendants, JANE DOE "1" – "10" and P.O. RICHARD ROE "1" – "10".

40. Plaintiff avers that the Defendants are liable to them for false imprisonment.

41. As a direct and proximate result of the false imprisonment by the Defendants, Plaintiff suffered serious personal injuries as set forth herein and emotional distress.

## COUNT VI

### Violation of Civil Rights

### (Assault)

42. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "41" of this Complaint.

43. Each Defendant owed Plaintiff a duty to use due care at or about the times of the aforementioned incident.

44. In committing the aforementioned acts and/or omissions, each Defendant negligently breached said duty use due care, which directly and proximately resulted in the injuries and damages to the Plaintiff as alleged herein.

## COUNT VII

### Tort Liability Act

### (Negligent Supervision)

45. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "44" of this Complaint.

46. Each Defendant owed Plaintiff a duty to use due care at or about the time of the aforementioned incident.

47. Defendants, "USG" and "VA" negligently supervised, JANE DOE "1" – "10" and P.O. RICHARD ROE "1" – "10", by failing to provide proper training and outline proper procedure in confronting the persons lawfully present such as Plaintiff.

48. In committing the aforementioned acts or omissions, each Defendant negligently breached said duty to use due care, which directly and proximately resulted in the injuries and damages to Plaintiff as alleged herein.

## COUNT VIII

49. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "48" of this Complaint.

50. Defendants acted intentionally or in reckless disregard or probable consequences in the exercise of dominion or control over this Plaintiff.

51.  In concert with the other Defendants at the scene, the Defendants, JANE DOE "1" – "10" and P.O. RICHARD ROE "1" – "10" unjustifiably touched Plaintiff.

52.  The manner in which Defendants, specifically JANE DOE "1" – "10" and P.O. RICHARD ROE "1" – "10" exercised such dominion or control was both inconsistent with, and seriously interfered with, Plaintiff's rights to enjoy and control their personalty.

## COUNT VIV

### New York Common Law

### (Assault)

53.  Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "52" of this Complaint.

54.  Plaintiff avers that the actions of the Defendants breached a duty of care owed to Plaintiff to not assault her or cause her physical harm or injury, except to the extent allowed by law.

55.  Plaintiff avers that the Defendants RICHARD ROE "1"-"10" knowingly, wantonly, intentionally and with gross disregard for the right of the Plaintiff, assaulted her by striking thee Plaintiff in the chest.

56.  As a direct and proximate result of the acts of the Defendants, the Plaintiff suffered both physical and mental injuries and are entitled to relief.

## COUNT VV

### (Medical Malpractice)

57. Plaintiff, realleges and incorporates herein by reference the allegations set forth in paragraphs "1" through "56" of this Complaint.

58. That among other things, the defendant, "VA", its agents, servants and/or employees, did fail to obtain the consent of the plaintiff before performing the aforesaid procedures; did fail to obtain the informed consent of the plaintiff before performing the aforesaid medical procedures; did commit an unwanted and unauthorized touching of the plaintiff as a result of these failures; and did act in a manner which deviated from acceptable standards of medical care prevalent in the community.

59. That as a result of the negligence of the defendant, "VA", the plaintiff, MARIA LETTMAN, has sustained injuries and damages caused solely by the carelessness, recklessness, negligence and departure from accepted medical practice by the defendant, without any negligence on the part of the plaintiff, MARIA LETTMAN, contributing thereto.

60. Defendants, UNITED STATES GOVERNMENT, hereinafter "USG" and UNITED STATES DEPARTMENT OF VETERAN AFFAIRS, hereinafter "VA", and treating physicians JOHN DOE "1" – "10" in their capacity as physicians with privileges to treat patients at the Veterans Memorial Hospital in New York City., implicitly or explicitly adopted and implemented negligent careless and reckless policies, customs or practices, that included, among other things, failing to properly inspect for defects of the "picc line" and/or improperly using the "picc line" causing damage to the instrument and/or allowing the "picc line" to remain within the body of the plaintiff and for not recognizing same at time of initial surgery on or about April 10, 2010 through May, 2010 allowing object to remain for a significant time causing injury to plaintiff.

61. That by reason of the foregoing, the plaintiff, MARIA LETTMAN, was rendered sick, sore, lame and disabled, suffered permanent physical and emotional injury and endured physical and emotional pain and suffering and has been required to undergo additional medical procedures and is still required to undergo additional medical procedures.

62. That as a result of the foregoing, the plaintiff, MARIA LETTMAN, suffered damages in the amount to be determined by this Court which sum is in excess of any that could be awarded by all lower Courts which would be of competent jurisdiction.

63. That as a result of the aforesaid acts, the plaintiff, MARIA LETTMAN, was rendered sick, sore, lame and disabled from the course of her daily routine and activities and suffered severe injuries to and about her body, which have required and may require in the future, medical care and attention and has been caused the expenditures of certain sums of money for same, all to her damage.

64. Upon information and belief, at all relevant times, defendant, DR. JOHN DOE "1" – "10", were and still are medical doctors and/or surgeons with surgical privileges at the VA medical facility in New York City.

65. Prior to the performance of the surgery by defendants upon plaintiff as hereinabove alleged, defendants failed to disclose to plaintiff the reasonably foreseeable risks and perils involved in such surgery as a reasonable medical practitioner under similar circumstances would have disclosed in a manner permitting plaintiff to make a knowledgeable evaluation thereof; the risk of a "picc line" being left in her body.

66. That in connection with the aforesaid treatment, the defendant, "VA", their agents, servants and/or employees, and defendants, DR. JOHN DOE "1"–"10", did

damaged in an amount to be determined by the Court of competent jurisdiction.

## PRAYERS FOR RELIEF

**WHEREFORE,** the above premises considered, Plaintiff demands:

1. That process issue to the Defendants and that they be required to answer in the time allowed by law.

2. That judgment be rendered in favor of the Plaintiff and against the Defendants on all causes of action asserted herein.

3. That Plaintiff be awarded those damages to which it may appear she is entitled by the proof submitted in this cause for her physical and mental pain and suffering, both past and future, permanent injury and disability; loss of enjoyment of life, loss of her personalty and medical and psychological expenses, both past and future.

4. That Plaintiff be awarded punitive damages against the Defendants.

5. That Plaintiff be awarded compensatory damages, pain and suffering which she alleges is in excess of any which might be awarded by a lower court having jurisdiction in this matter.

6. That Plaintiff be awarded reasonable expenses incurred in this litigation, including reasonable attorney and expert fees, pursuant to 42 U.S.C. §1988 (b) and (c).

7. That the Plaintiff receives any other further and general relief to which it may appear they are entitled.

8.  Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff demands a trial by jury in this action

Dated:   Port Jefferson, New York
         August 30, 2012

                                    Respectfully Submitted,

                                    LAW OFFICE OF MICHAEL V. DEVINE

                                    By: _____
                                    MICHAEL V. DEVINE (MD 9814)
                                    Attorney for PLAINTIFF
                                    1000 Main Street
                                    Port Jefferson, New York  11777
                                    (631) 474-5400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

MARIA LETTMAN,

                             Plaintiff,

   -against-

UNITED STATES GOVERNMENT and UNITED
STATES DEPARTMENT OF VETERAN
AFFAIRS, DR. JOHN DOE "1"-"10", JANE DOE
"1"-"10" and P.O. RICHARD ROE "1"- "10",

                            Defendants.
------------------------------------------------------------X

**INDIVIDUAL VERIFICATION**

Case Number:

STATE OF NEW YORK  )
                          ) SS.:
COUNTY OF SUFFOLK  )

     I am the plaintiff in the within action; I have read the foregoing **VERIFIED COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to the matters herein stated to be alleged on information and belief, and as to those matters I believe it to be true.

                                                                _/s/ Maria Lettman_
                                                               MARIA LETTMAN

Sworn to before me this
30 day of AUGUST, 2012

_/s/_
Notary Public

MICHAEL V. DEVINE
NOTARY PUBLIC STATE OF NEW YORK
NO. 02DE4999230
QUALIFIED IN SUFFOLK COUNTY
COMMISSION EXPIRES JULY 20, 20__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MARIA LETTMAN,

                    Plaintiff,          **ATTORNEY CERTIFICATION**

                                                      Case Number:

   -against-

UNITED STATES GOVERNMENT and UNITED
STATES DEPARTMENT OF VETERAN
AFFAIRS, DR. JOHN DOE "1"-"10", JANE DOE
"1"-"10" and P.O. RICHARD ROE "1"- "10",

                  Defendants.
-----------------------------------------------------------------X

      I hereby certify under penalty of perjury, and as an officer of the Court, that I have no knowledge that the substance of any of the factual submissions contained in this document is false.

Dated:  Port Jefferson, New York
          August 30, 2012

                                                        MICHAEL V. DEVINE

UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORKJ

MARIA LETTMAN,

-against-

UNITES STATES DEPARTMENT OF VETERANS AFFAIRS et al

**SUMMONS IN A CIVL ACTION and VERIFIED COMPLAINT**

LAW OFFICE OF MICHAEL V. DEVINE
Attorney for: MARIA LETTMAN
OFFICE AND POST OFFICE ADDRESS
1000 MAIN STREET
PORT JEFFERSON, NEW YORK  11777
(631)   474-5400

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY
That the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT
That an order                                                                              of which the within is a true copy
will be presented for settlement to the HON.                                    one of the judges of the
within named Court, at
on                              at

Dated,                                              Yours, etc.